UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| FUNDS IN THE AMOUNT OF 28,500 ) | |
| EUROS (EQUIVALENT TO ) | |
| APPROXIMATELY $32,545 IN UNITED ) | |
| STATES CURRENCY), ) | |
| ) | |
| Defendant, *In Rem*. ) | |

**VERIFIED COMPLAINT FOR FORFEITURE, *IN REM***

COMES NOW, before this honorable Court, Plaintiff, United States of America, by and through its undersigned counsel, and pursuant to the provisions of Federal Rules of Civil Procedure, Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Fed. R. Civ. P. Supp.") G(2), respectfully, to bring this Verified Complaint for Forfeiture *In Rem*.

Plaintiff hereby alleges as follows:

**Nature of the Action**

1. This is a civil action brought to forfeit property seized by the United States government for violations of federal law that provide for the seizure, forfeiture, and disposal of certain property to the United States.

2. This action is an *in rem* legal proceeding against property, not against an individual, to determine rights in the property that are conclusive against the entire world.

3. This is an *in rem* forfeiture action brought pursuant to Title 31, United States Code ("U.S.C."), Section 5332(c), for forfeiture of certain property involved in violations of 31 U.S.C.

§ 5332 (bulk cash smuggling into or out of the United States).

4. Based upon the facts and circumstances herein set forth, Plaintiff prays: (1) that process issue for an arrest warrant *in rem* for the subject property; (2) that notice be given to all parties to appear and show cause why forfeiture should not be decreed; (3) that this Court enter a judgment of forfeiture to the United States; and (4) that this Court grant Plaintiff all other relief as it may deem just and proper, together with the costs and disbursements of this action.

5. This complaint is verified by the attached Verification of United States Customs and Border Protection ("CBP") Officer Michael Nagy ("Officer Nagy"), which is fully incorporated herein

## The Defendant *In Rem*

6. The Defendant *in rem* consists of the following property:

- 28,500 euros (equivalent to approximately $32,545 in United States currency)

(Hereinafter, the "subject property").

7. The subject property was seized on October 26, 2018, by CBP officers operating out of Chicago O'Hare International Airport, for which Officer Nagy is assigned.

8. The subject property is currently in the custody of the CBP.

## Jurisdictional Statement

9. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1345 because this action is commenced by the United States of America, and pursuant to 28 U.S.C. § 1355(a) because this is an action for forfeiture.

10. This Court has *in rem* jurisdiction over the subject property pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts or omissions giving rise to forfeiture occurred in this district, and pursuant to 28 U.S.C. § 1395(a) (via 28 U.S.C. § 1355(b)(1)(B)) because the subject property is

located in this district.

11. Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts or omissions giving rise to forfeiture occurred in this district, and pursuant to 28 U.S.C. § 1395 (via 28 U.S.C. § 1355(b)(1)(B)) because the subject property is located in this district.

## Basis for Forfeiture

12. The subject property is subject to forfeiture pursuant to 31 U.S.C. § 5332(c) because it constitutes property involved in or traceable to a violation of 31 U.S.C. § 5332 (bulk cash smuggling into or out of the United States).

13. The subject property is subject to forfeiture pursuant to 31 U.S.C. § 5317 because it constitutes property involved in or traceable to a violation of 31 U.S.C. § 5316 (reports on exporting and importing monetary instruments).

## Summary of Facts

14. On October 26, 2018, John Kouloumbas ("Kouloumbas") knowingly concealed the subject property in his baggage and on his person with the intent to evade the currency reporting requirements under 31 U.S.C. § 5316 by failing to accurately report the transportation of the subject property and attempting to transport the subject property from a place outside of the United States to a place within the United States.

## Facts

I. Currency Reporting Requirements and CBP Discovery of the Subject Property

    A. Overview of CBP presence at Chicago O'Hare Airport

15. This Complaint describes an investigation conducted by CBP officers, to which Officer Nagy is a member.

16. CBP is charged with regulating and facilitating international trade, collecting import

duties, and enforcing U.S. regulations, including trade, customs, and immigration at CBP ports of entry such as seaports, airports, or land border ports designated by the Secretary of the Treasury.

17.  CBP officers or employees are assigned to accept entries of merchandise, clear passengers, collect duties, and enforce the various provisions of CBP and related laws.

18.  Specifically, among other duties, CBP is charged with preventing the transport of large amounts of currency without properly informing the government.

19.  Reporting requirements under 31 U.S.C. § 5316 were established for a number of reasons, the most prominent being that it prevents money laundering.

20.  Moreover, it is common for illicit activity, like the drug trade, to be transacted in currency outside of the banking system.

21.  These reporting requirements seek to regulate large currency transfers and prevent them from going undetected outside of regular banking institutions.

    B.  CBP Interview of Kouloumbas and Discovery of the Subject Property

22. On October 26, 2018, CBP officers referred inbound passenger Kouloumbas for a baggage inspection at Chicago O'Hare International Airport.

23. Kouloumbas arrived at Chicago O'Hare International Airport from Greece.

24. Upon arrival, Kouloumbas was referred for a baggage inspection by CBP personnel.

25.  At approximately 7:45 p.m., while working in baggage secondary, Officer Nagy was approached by Kouloumbas for a baggage inspection.

26. Officer Nagy asked Kouloumbas for his passport and customs declaration (a form that lists the detail of goods that are being imported or exported when a citizen or visitor enters a customs territory).

27. Kouloumbas provided his passport and customs declaration that was marked at the egress indicating that Kouloumbas may be bringing currency in excess of $10,000 in U.S. currency.

28. When Officer Nagy asked Kouloumbas how much currency he was carrying, Kouloumbas stated that he was carrying $10,000 in U.S. currency.

29. Kouloumbas executed a Report of International Transportation of Currency of Monetary Instruments (FinCEN Form 105) in which he declared he was transporting $10,000 U.S. currency into the United States. (A copy of the signed FinCEN Form 105 is attached as Exhibit A.)

30. When Officer Nagy specifically asked Kouloumbas if he was carrying any additional currency in any of his baggage, Kouloumbas again stated that he was only carrying $10,000 in U.S. currency.

31. Officer Nagy then explained the currency reporting requirements upon making entry to the United States under 31 U.S.C. § 5316 and Kouloumbas stated that he understood the reporting requirements.

32. CBP Officers then inspected Kouloumbas' baggage and found 20,515.00 euros in a leather pouch.

33. Officers then asked Kouloumbas to take off his jacket.

34. Officers inspected Kouloumbas' jacket and found 10,000 euros wrapped in aluminum foil sewn into the inside of the front right pocket (a photo of the jacket with the currency is attached as Exhibit B).

35. No other currency was found in Kouloumbas' luggage or clothing.

36. Kouloumbas was then escorted to the CBP conference room for further investigation.

37. During a subsequent interview with CBP officers, Kouloumbas alleged that his sister had

given him the jacket and that the money that in the baggage was the proceeds from the sale of real estate.

38. Based upon the experience of CBP officers, including Officer Nagy, and the totality of the circumstances further described herein, the subject property was seized for forfeiture pursuant to 31 U.S.C. §§ 5317 and 5332(c) because it constitutes property involved in or traceable to violations of 31 U.S.C. §§ 5316 (reports on exporting and importing monetary instruments) and 5332 (bulk cash smuggling into or out of the United States).

39. A total of 30,515 euros were seized along with $240 in U.S. currency. For humanitarian reasons, CBP officers released the $240 in U.S. currency and 2,015 euros to Kouloumbas.

40. The total amount seized was 28,500 euros, equivalent to $32,545 in U.S. currency, which is the subject property.

**II. Administrative Forfeiture Proceedings**

41. On October 26, 2018, CBP initiated administrative forfeiture proceedings against the subject property by mailing a Notice of Seizure to all potential interest holders by certified mail.

42. In response to this notice, Attorney Konstantinos K. Markakos, on behalf of Kouloumbas, submitted a claim to CBP dated January 21, 2019.

43. Kouloumbas' claim included a Seized Asset Claim Form and an Election of Proceedings Form in which Kouloumbas requested that CBP refer the case for court action.

44. On or about January 28, 2019, CBP referred this matter to the United States Attorney's Office in Chicago to initiate judicial forfeiture proceedings.

**First Cause of Action**

45. Plaintiff repeats and realleges the averments in paragraphs 1 through 44 as though fully set forth herein.

46. For the reasons set forth above, the subject property is subject to forfeiture pursuant to 31 U.S.C. § 5332(c) because it constitutes property involved in or traceable to a violation of 31 U.S.C. § 5332 (bulk cash smuggling into or out of the United States).

47. Pursuant to 31 U.S.C. § 5332(c)(2), any property involved in or traceable to a violation of 18 U.S.C. § 5332 may be seized and forfeited to the United States in accordance with the procedures governing civil forfeitures in money laundering cases pursuant to 18 U.S.C. § 981(a)(1)(A).

## Second Cause of Action

48. Plaintiff repeats and realleges the averments in paragraphs 1 through 46 as though fully set forth herein.

49. For the reasons set forth above, the subject property is subject to forfeiture pursuant to 31 U.S.C. § 5317 because it constitutes property involved in or traceable to a violation of 31 U.S.C. § 5316 (reports on exporting and importing monetary instruments).

50. Pursuant to 31 U.S.C. § 5317(c)(2), any property involved in or traceable to a violation of 18 U.S.C. § 5316 may be seized and forfeited to the United States in accordance with the procedures governing civil forfeitures in money laundering cases pursuant to 18 U.S.C. § 981(a)(1)(A).

## Prayer for Relief

WHEREFORE, based upon the aforementioned facts and circumstances, Plaintiff, United States of America, by and through its undersigned counsel, and pursuant to Fed. R. Civ. P. Supp. G(3)(b), respectfully, prays:

1) That process issue for an arrest warrant *in rem* for the subject property, which Plaintiff will execute in accordance with 28 U.S.C. § 1355(d) and Fed. R. Civ. P. Supp. G(3)(c);

2) That due notice be given to all parties to appear and show cause why forfeiture of the subject property to the United States in accordance with the claims herein set forth should not be decreed;

3) That this Court enter a judgment of forfeiture for the subject property to the United States; and

4) That this Court grant Plaintiff all other relief as it may deem just and proper, together with the costs and disbursements of this action.

DATED this 23rd day of April 2019.

JOHN R. LAUSCH, JR.
United States Attorney
For the Northern District of Illinois

By: *Jeffrey R. Borup*
JEFFREY R. BORUP
Assistant United States Attorney
219 South Dearborn Street, 5th Floor
Chicago, Illinois 60604
Desk: (312) 697-4087
Email: jeffrey.borup@usdoj.gov

Attorneys for Plaintiff
United States of America

NORTHERN DISTRIT OF ILLINOIS   )
                                                  )    SS
COUNTY OF COOK                )

## VERIFICATION

I, Michael Nagy, declare under penalty of perjury the following:

1. I am a United States Customs and Border Protection Officer and have been so employed for approximately 9.5 years.

2. As a Customs and Border Protection Officer, I have participated in the investigation of violations of the Bank Secrecy Act (Title 31, United States Code) and the Money Laundering Control Act (Title 18, United States Code, Sections 1956 and 1957). I have received specialized training regarding the investigation of various financial offenses and am familiar with some of the techniques used by individuals to avoid cash reporting obligations and smuggle large amounts of currency.

3. I have read the foregoing complaint in this matter and the facts alleged are true and correct to the best of my knowledge and belief.

4. This statement is based upon my own personal knowledge as well as information I have received from other officers, persons, and documents; it does not include each and every fact known to me concerning this investigation, but is submitted for the limited purpose of establishing a basis to believe the property identified is subject to forfeiture.

Executed on the 23rd April 2019, in Chicago, Illinois.

_____
MICHAEL NAGY
Customs and Border Protection Officer