UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) Case No. <br> ) <br> ) |
| vs. | ) <br> ) |
| FUNDS IN THE AMOUNT OF 28,500 EUROS (EQUIVALENT TO APPROXIMATELY $32,545 IN UNITED STATES CURRENCY), | ) <br> ) <br> ) <br> ) <br> ) |
| Defendant, *In Rem*. | ) |

**VERIFIED COMPLAINT FOR FORFEITURE, *IN REM***

COMES NOW, before this honorable Court, Plaintiff, United States of America, by and through its undersigned counsel, and pursuant to the provisions of Federal Rules of Civil Procedure, Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Fed. R. Civ. P. Supp.") G(2), respectfully, to bring this Verified Complaint for Forfeiture *In Rem*.

Plaintiff hereby alleges as follows:

**Nature of the Action**

1. This is a civil action brought to forfeit property seized by the United States government for violations of federal law that provide for the seizure, forfeiture, and disposal of certain property to the United States.

2. This action is an *in rem* legal proceeding against property, not against an individual, to determine rights in the property that are conclusive against the entire world.

3. This is an *in rem* forfeiture action brought pursuant to Title 31, United States Code ("U.S.C."), Section 5332(c), for forfeiture of certain property involved in violations of 31 U.S.C.

§ 5332 (bulk cash smuggling into or out of the United States).

4. Based upon the facts and circumstances herein set forth, Plaintiff prays: (1) that process issue for an arrest warrant *in rem* for the subject property; (2) that notice be given to all parties to appear and show cause why forfeiture should not be decreed; (3) that this Court enter a judgment of forfeiture to the United States; and (4) that this Court grant Plaintiff all other relief as it may deem just and proper, together with the costs and disbursements of this action.

5. This complaint is verified by the attached Verification of United States Customs and Border Protection ("CBP") Officer Michael Nagy ("Officer Nagy"), which is fully incorporated herein

### The Defendant *In Rem*

6. The Defendant *in rem* consists of the following property:

- 28,500 euros (equivalent to approximately $32,545 in United States currency)

(Hereinafter, the "subject property").

7. The subject property was seized on October 26, 2018, by CBP officers operating out of Chicago O'Hare International Airport, for which Officer Nagy is assigned.

8. The subject property is currently in the custody of the CBP.

### Jurisdictional Statement

9. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1345 because this action is commenced by the United States of America, and pursuant to 28 U.S.C. § 1355(a) because this is an action for forfeiture.

10. This Court has *in rem* jurisdiction over the subject property pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts or omissions giving rise to forfeiture occurred in this district, and pursuant to 28 U.S.C. § 1395(a) (via 28 U.S.C. § 1355(b)(1)(B)) because the subject property is

located in this district.

11. Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts or omissions giving rise to forfeiture occurred in this district, and pursuant to 28 U.S.C. § 1395 (via 28 U.S.C. § 1355(b)(1)(B)) because the subject property is located in this district.

## Basis for Forfeiture

12. The subject property is subject to forfeiture pursuant to 31 U.S.C. § 5332(c) because it constitutes property involved in or traceable to a violation of 31 U.S.C. § 5332 (bulk cash smuggling into or out of the United States).

13. The subject property is subject to forfeiture pursuant to 31 U.S.C. § 5317 because it constitutes property involved in or traceable to a violation of 31 U.S.C. § 5316 (reports on exporting and importing monetary instruments).

## Summary of Facts

14. On October 26, 2018, John Kouloumbas ("Kouloumbas") knowingly concealed the subject property in his baggage and on his person with the intent to evade the currency reporting requirements under 31 U.S.C. § 5316 by failing to accurately report the transportation of the subject property and attempting to transport the subject property from a place outside of the United States to a place within the United States.

## Facts

I.  Currency Reporting Requirements and CBP Discovery of the Subject Property

    A.  Overview of CBP presence at Chicago O'Hare Airport

15. This Complaint describes an investigation conducted by CBP officers, to which Officer Nagy is a member.

16. CBP is charged with regulating and facilitating international trade, collecting import

duties, and enforcing U.S. regulations, including trade, customs, and immigration at CBP ports of entry such as seaports, airports, or land border ports designated by the Secretary of the Treasury.

17. CBP officers or employees are assigned to accept entries of merchandise, clear passengers, collect duties, and enforce the various provisions of CBP and related laws.

18. Specifically, among other duties, CBP is charged with preventing the transport of large amounts of currency without properly informing the government.

19. Reporting requirements under 31 U.S.C. § 5316 were established for a number of reasons, the most prominent being that it prevents money laundering.

20. Moreover, it is common for illicit activity, like the drug trade, to be transacted in currency outside of the banking system.

21. These reporting requirements seek to regulate large currency transfers and prevent them from going undetected outside of regular banking institutions.

    B. CBP Interview of Kouloumbas and Discovery of the Subject Property

22. On October 26, 2018, CBP officers referred inbound passenger Kouloumbas for a baggage inspection at Chicago O'Hare International Airport.

23. Kouloumbas arrived at Chicago O'Hare International Airport from Greece.

24. Upon arrival, Kouloumbas was referred for a baggage inspection by CBP personnel.

25. At approximately 7:45 p.m., while working in baggage secondary, Officer Nagy was approached by Kouloumbas for a baggage inspection.

26. Officer Nagy asked Kouloumbas for his passport and customs declaration (a form that lists the detail of goods that are being imported or exported when a citizen or visitor enters a customs territory).

27. Kouloumbas provided his passport and customs declaration that was marked at the egress indicating that Kouloumbas may be bringing currency in excess of $10,000 in U.S. currency.

28. When Officer Nagy asked Kouloumbas how much currency he was carrying, Kouloumbas stated that he was carrying $10,000 in U.S. currency.

29. Kouloumbas executed a Report of International Transportation of Currency of Monetary Instruments (FinCEN Form 105) in which he declared he was transporting $10,000 U.S. currency into the United States. (A copy of the signed FinCEN Form 105 is attached as Exhibit A.)

30. When Officer Nagy specifically asked Kouloumbas if he was carrying any additional currency in any of his baggage, Kouloumbas again stated that he was only carrying $10,000 in U.S. currency.

31. Officer Nagy then explained the currency reporting requirements upon making entry to the United States under 31 U.S.C. § 5316 and Kouloumbas stated that he understood the reporting requirements.

32. CBP Officers then inspected Kouloumbas' baggage and found 20,515.00 euros in a leather pouch.

33. Officers then asked Kouloumbas to take off his jacket.

34. Officers inspected Kouloumbas' jacket and found 10,000 euros wrapped in aluminum foil sewn into the inside of the front right pocket (a photo of the jacket with the currency is attached as Exhibit B).

35. No other currency was found in Kouloumbas' luggage or clothing.

36. Kouloumbas was then escorted to the CBP conference room for further investigation.

37. During a subsequent interview with CBP officers, Kouloumbas alleged that his sister had

given him the jacket and that the money that in the baggage was the proceeds from the sale of real estate.

38. Based upon the experience of CBP officers, including Officer Nagy, and the totality of the circumstances further described herein, the subject property was seized for forfeiture pursuant to 31 U.S.C. §§ 5317 and 5332(c) because it constitutes property involved in or traceable to violations of 31 U.S.C. §§ 5316 (reports on exporting and importing monetary instruments) and 5332 (bulk cash smuggling into or out of the United States).

39. A total of 30,515 euros were seized along with $240 in U.S. currency. For humanitarian reasons, CBP officers released the $240 in U.S. currency and 2,015 euros to Kouloumbas.

40. The total amount seized was 28,500 euros, equivalent to $32,545 in U.S. currency, which is the subject property.

## II. Administrative Forfeiture Proceedings

41. On October 26, 2018, CBP initiated administrative forfeiture proceedings against the subject property by mailing a Notice of Seizure to all potential interest holders by certified mail.

42. In response to this notice, Attorney Konstantinos K. Markakos, on behalf of Kouloumbas, submitted a claim to CBP dated January 21, 2019.

43. Kouloumbas' claim included a Seized Asset Claim Form and an Election of Proceedings Form in which Kouloumbas requested that CBP refer the case for court action.

44. On or about January 28, 2019, CBP referred this matter to the United States Attorney's Office in Chicago to initiate judicial forfeiture proceedings.

## First Cause of Action

45. Plaintiff repeats and realleges the averments in paragraphs 1 through 44 as though fully set forth herein.

46. For the reasons set forth above, the subject property is subject to forfeiture pursuant to 31 U.S.C. § 5332(c) because it constitutes property involved in or traceable to a violation of 31 U.S.C. § 5332 (bulk cash smuggling into or out of the United States).

47. Pursuant to 31 U.S.C. § 5332(c)(2), any property involved in or traceable to a violation of 18 U.S.C. § 5332 may be seized and forfeited to the United States in accordance with the procedures governing civil forfeitures in money laundering cases pursuant to 18 U.S.C. § 981(a)(1)(A).

## Second Cause of Action

48. Plaintiff repeats and realleges the averments in paragraphs 1 through 46 as though fully set forth herein.

49. For the reasons set forth above, the subject property is subject to forfeiture pursuant to 31 U.S.C. § 5317 because it constitutes property involved in or traceable to a violation of 31 U.S.C. § 5316 (reports on exporting and importing monetary instruments).

50. Pursuant to 31 U.S.C. § 5317(c)(2), any property involved in or traceable to a violation of 18 U.S.C. § 5316 may be seized and forfeited to the United States in accordance with the procedures governing civil forfeitures in money laundering cases pursuant to 18 U.S.C. § 981(a)(1)(A).

## Prayer for Relief

WHEREFORE, based upon the aforementioned facts and circumstances, Plaintiff, United States of America, by and through its undersigned counsel, and pursuant to Fed. R. Civ. P. Supp. G(3)(b), respectfully, prays:

1) That process issue for an arrest warrant *in rem* for the subject property, which Plaintiff will execute in accordance with 28 U.S.C. § 1355(d) and Fed. R. Civ. P. Supp. G(3)(c);

2) That due notice be given to all parties to appear and show cause why forfeiture of the subject property to the United States in accordance with the claims herein set forth should not be decreed;

3) That this Court enter a judgment of forfeiture for the subject property to the United States; and

4) That this Court grant Plaintiff all other relief as it may deem just and proper, together with the costs and disbursements of this action.

        DATED this 23rd day of April 2019.

        JOHN R. LAUSCH, JR.
        United States Attorney
        For the Northern District of Illinois

By: *Jeffrey R. Borup*
        JEFFREY R. BORUP
        Assistant United States Attorney
        219 South Dearborn Street, 5th Floor
        Chicago, Illinois 60604
        Desk: (312) 697-4087
        Email: jeffrey.borup@usdoj.gov

        Attorneys for Plaintiff
        United States of America

NORTHERN DISTRIT OF ILLINOIS    )
                                                  )    SS
COUNTY OF COOK                     )

## VERIFICATION

I, Michael Nagy, declare under penalty of perjury the following:

1. I am a United States Customs and Border Protection Officer and have been so employed for approximately 9.5 years.

2. As a Customs and Border Protection Officer, I have participated in the investigation of violations of the Bank Secrecy Act (Title 31, United States Code) and the Money Laundering Control Act (Title 18, United States Code, Sections 1956 and 1957). I have received specialized training regarding the investigation of various financial offenses and am familiar with some of the techniques used by individuals to avoid cash reporting obligations and smuggle large amounts of currency.

3. I have read the foregoing complaint in this matter and the facts alleged are true and correct to the best of my knowledge and belief.

4. This statement is based upon my own personal knowledge as well as information I have received from other officers, persons, and documents; it does not include each and every fact known to me concerning this investigation, but is submitted for the limited purpose of establishing a basis to believe the property identified is subject to forfeiture.

Executed on the 23rd April 2019, in Chicago, Illinois.

MICHAEL NAGY
Customs and Border Protection Officer



DEPARTMENT OF THE TREASURY
FINANCIAL CRIMES ENFORCEMENT NETWORK

## REPORT OF INTERNATIONAL TRANSPORTATION OF CURRENCY OR MONETARY INSTRUMENTS

FinCEN Form **105** (Formerly Customs Form 4790) (Rev. July 2003) Department of the Treasury FinCEN

OMB NO. 1506-0014

▶ To be filed with the Bureau of Customs and Border Protection
▶ For Paperwork Reduction Act Notice and Privacy Act Notice, see back of form.

▶ Please type or print.

31 U.S.C. 5316; 31 CFR 103.23 and 103.27

**PART I** FOR A PERSON DEPARTING OR ENTERING THE UNITED STATES, OR A PERSON SHIPPING, MAILING, OR RECEIVING CURRENCY OR MONETARY INSTRUMENTS. (IF ACTING FOR ANYONE ELSE, ALSO COMPLETE PART II BELOW.)

1. NAME (Last or family, first, and middle): Kouloumbas, John
2. IDENTIFICATION NO. (See instructions):
3. DATE OF BIRTH (Mo./Day/Yr.): 01/01/1939
4. PERMANENT ADDRESS IN UNITED STATES OR ABROAD:
5. YOUR COUNTRY OR COUNTRIES OF CITIZENSHIP: USA
6. ADDRESS WHILE IN THE UNITED STATES: [redacted]
7. PASSPORT NO. & COUNTRY: 530763814
8. [redacted]
10. IMMIGRATION ALIEN NO.:

**11. IF CURRENCY OR MONETARY INSTRUMENT IS ACCOMPANIED BY A PERSON, COMPLETE 11a OR 11b**

A. EXPORTED FROM THE UNITED STATES
- Departed From: (U.S. Port/City in U.S.):
- Arrived At: (Foreign City/Country):

B. IMPORTED INTO THE UNITED STATES
- Departed From: (Foreign City/Country): Greece
- Arrived At: (City in U.S.): Chicago IL

**12. IF CURRENCY OR MONETARY INSTRUMENT WAS MAILED OR OTHERWISE SHIPPED, COMPLETE 12a THROUGH 12f**

12a. DATE SHIPPED:
12b. DATE RECEIVED:
12c. METHOD OF SHIPMENT: Hand carry
12d. NAME OF CARRIER:
12e. SHIPPED TO (Name and Address):
12f. RECEIVED FROM (Name and Address):

**PART II** INFORMATION ABOUT PERSON(S) OR BUSINESS ON WHOSE BEHALF IMPORTATION OR EXPORTATION WAS CONDUCTED

13. NAME:
14. PERMANENT ADDRESS IN UNITED STATES OR ABROAD:
15. TYPE OF BUSINESS ACTIVITY, OCCUPATION, OR PROFESSION:
15a. IS THE BUSINESS A BANK? ☐ Yes ☐ No

**PART III** CURRENCY AND MONETARY INSTRUMENT INFORMATION (To be completed by everyone)

16. TYPE AND AMOUNT OF CURRENCY/MONETARY INSTRUMENTS
- Currency and Coins: ▶ $ 10,000
- Other Monetary Instruments: ▶ $
- (TOTAL): ▶ $ 10,000

17. IF OTHER THAN U.S. CURRENCY IS INVOLVED, PLEASE COMPLETE BLOCKS A AND B.
A. Currency Name:
B. Country:

**PART IV** SIGNATURE OF PERSON COMPLETING THIS REPORT

Under penalties of perjury, I declare that I have examined this report, and to the best of my knowledge and belief it is true, correct and complete.

18. NAME AND TITLE (Print): JOHN KOULOUMBAS
19. SIGNATURE: John Kouloumbas
20. DATE OF REPORT: 10/26/2018

**CUSTOMS AND BORDER PROTECTION USE ONLY**

COUNT VERIFIED: Yes ☒ No ☐
VOLUNTARY REPORT: Yes ☐ No ☒

DATE: 10/26/18
AIRLINE/FLIGHT/VESSEL: LH 434
LICENSE PLATE STATE/COUNTRY / NUMBER:
INSPECTOR (Name and Badge Number): Nagy 05760

23,234

FinCEN FORM 105
(Formerly Customs Form 4790)

**EXHIBIT A**

## GENERAL INSTRUCTIONS

This report is required by 31 U.S.C. 5316 and Treasury Department regulations (31 CFR 103).

### WHO MUST FILE:

(1) Each person who physically transports, mails, or ships, or causes to be physically transported, mailed, or shipped currency or other monetary instruments in an aggregate amount exceeding $10,000 at one time from the United States to any place outside the United States or into the United States from any place outside the United States, and

(2) Each person who receives in the United States currency or other monetary instruments In an aggregate amount exceeding $10,000 at one time which have been transported, mailed, or shipped to the person from any place outside the United States.

**A TRANSFER OF FUNDS THROUGH NORMAL BANKING PROCEDURES, WHICH DOES NOT INVOLVE THE PHYSICAL TRANSPORTATION OF CURRENCY OR MONETARY INSTRUMENTS, IS NOT REQUIRED TO BE REPORTED.**

**Exceptions:** Reports are not required to be filed by:

(1) a Federal Reserve bank,

(2) a bank, a foreign bank, or a broker or dealer in securities in respect to currency or other monetary instruments mailed or shipped through the postal service or by common carrier,

(3) a commercial bank or trust company organized under the laws of any State or of the United States with respect to overland shipments of currency or monetary instruments shipped to or received from an established customer maintaining a deposit relationship with the bank, in amounts which the bank may reasonably conclude do not exceed amounts commensurate with the customary conduct of the business, industry, or profession of the customer concerned,

(4) a person who is not a citizen or resident of the United States in respect to currency or other monetary instruments mailed or shipped from abroad to a bank or broker or dealer in securities through the postal service or by common carrier,

(5) a common carrier of passengers in respect to currency or other monetary instruments in the possession of its passengers,

(6) a common carrier of goods in respect to shipments of currency or monetary instruments not declared to be such by the shipper,

(7) a travelers' check issuer or its agent in respect to the transportation of travelers' checks prior to their delivery to selling agents for eventual sale to the public,

(8) a person with a restrictively endorsed traveler's check that is in the collection and reconciliation process after the traveler's check has been negotiated, nor by

(9) a person engaged as a business in the transportation of currency, monetary instruments and other commercial papers with respect to the transportation of currency or other monetary instruments overland between established offices of banks or brokers or dealers in securities and foreign persons.

### WHEN AND WHERE TO FILE:

**A. Recipients**—Each person who receives currency or other monetary instruments in the United States shall file FinCEN Form 105, within 15 days after receipt of the currency or monetary instruments, with the Customs officer in charge at any port of entry or departure or by mail with the **Commissioner of Customs, Attention: Currency Transportation Reports, Washington DC 20229.**

**B. Shippers or Mailers**—If the currency or other monetary instrument does not accompany the person entering or departing the United States, FinCEN Form 105 may be filed by mail on or before the date of entry, departure, mailing, or shipping with the **Commissioner of Customs, Attention: Currency Transportation Reports, Washington DC 20229.**

**C. Travelers**—Travelers carrying currency or other monetary instruments with them shall file FinCEN Form 105 at the time of entry into the United States or at the time of departure from the United States with the Customs officer in charge at any Customs port of entry or departure.

An additional report of a particular transportation, mailing, or shipping of currency or the monetary instruments is not required if a complete and truthful report has already been filed. However, no person otherwise required to file a report shall be excused from liability for failure to do so if, in fact, a complete and truthful report has not been filed. Forms may be obtained from any Bureau of Customs and Border Protection office.

**PENALTIES:** Civil and criminal penalties, including under certain circumstances a fine of not more than $500,000 and Imprisonment of not more than ten years, are provided for failure to file a report, filing a report containing a material omission or misstatement, or filing a false or fraudulent report. In addition, the currency or monetary instrument may be subject to seizure and forfeiture. See 31 U.S.C.5321 and 31 CFR 103.57; 31 U.S.C. 5322 and 31 CFR 103.59; 31 U.S.C. 5317 and 31 CFR 103.58, and U.S.C. 5332.

### DEFINITIONS:

**Bank**—Each agent, agency, branch or office within the United States of any person doing business in one or more of the capacities listed: (1) a commercial bank or trust company organized under the laws of any State or of the United States; (2) a private bank; (3) a savings association, savings and loan association, and building and loan association organized under the laws of any State or of the United States; (4) an insured institution as defined in section 401 of the National Housing Act; (5) a savings bank, industrial bank or other thrift institution; (6) a credit union organized under the laws of any State or of the United States; (7) any other organization chartered under the banking laws of any State and subject to the supervision of the bank supervisory authorities of a State other than a money service business; (8) a bank organized under foreign law; and (9) any national banking association or corporation acting under the provisions of section 25A of the Federal Reserve Act (12 U.S.C. Sections 611-632).

**Foreign Bank**—A bank organized under foreign law, or an agency, branch or office located outside the United States of a bank. The term does not include an agent, agency, branch or office within the United States of a bank organized under foreign law.

**Broker or Dealer in Securities**—A broker or dealer in securities, registered or required to be registered with the Securities and Exchange Commission under the Securities Exchange Act of 1934.

**Identification Number**—Individuals must enter their social security number, if any. However, aliens who do not have a social security number should enter passport or alien registration number. All others should enter their employer identification number.

**Monetary Instruments**—(1) Coin or currency of the United States or of any other country, (2) traveler's checks in any form, (3) negotiable instruments (including checks, promissory notes, and money orders) in bearer form, endorsed without restriction, made out to a fictitious payee, or otherwise in such form that title thereto passes upon delivery, (4) incomplete instruments (including checks, promissory notes, and money orders) that are signed but on which the name of the payee has been omitted, and (5) securities or stock in bearer form or otherwise in such form that title thereto passes upon delivery. Monetary instruments do not include (i) checks or money orders made payable to the order of a named person which have not been endorsed or which bear restrictive endorsements, (ii) warehouse receipts, or (iii) bills of lading.

**Person**—An individual, a corporation, a partnership, a trust or estate, a joint stock company, an association, a syndicate, joint venture or other unincorporated organization or group, an Indian Tribe (as that term is defined in the Indian Gaming Regulatory Act), and all entities cognizable as legal personalities.

### SPECIAL INSTRUCTIONS

You should complete each line that applies to you. **PART II.** -Block 13; provide the complete name of the shipper or recipient on whose behalf the exportation or importation was conducted. **PART III.** — Specify type of instrument, issuing entity, and date, serial or other identifying number, and payee (if any). **PART IV.** — Block 22A and 22B; enter the exact date you shipped or received currency or monetary instrument(s). Block 21, if currency or monetary instruments of more than one country is involved, attach a list showing each type, country or origin and amount.

### PRIVACY ACT AND PAPERWORK REDUCTION ACT NOTICE:

Pursuant to the requirements of Public law 93-579 (Privacy Act of 1974), notice is hereby given that the authority to collect information on Form 4790 in accordance with 5 U.S.C. 552a(e)(3) is Public law 91-508; 31 U.S.C. 5316; 5 U.S.C. 301; Reorganization Plan No.1 of 1950; Treasury Department Order No. 165, revised, as amended; 31 CFR 103; and 44 U.S.C. 3501.

The principal purpose for collecting the information is to assure maintenance of reports or records having a high degree of usefulness in criminal, tax, or regulatory investigations or proceedings. The information collected may be provided to those officers and employees of the Bureau of Customs and Border Protection and any other constituent unit of the Department of the Treasury who have a need for the records in the performance of their duties. The records may be referred to any other department or agency of the Federal Government upon the request of the head of such department or agency. The information collected may also be provided to appropriate state, local, and foreign criminal law enforcement and regulatory personnel in the performance of their official duties.

Disclosure of this information is mandatory pursuant to 31 U.S.C. 5316 and 31 CFR Part 103 (See Penalities).

Disclosure of the social security number is mandatory. The authority to collect this number is 31 U.S.C. 5316(b) and 31 CFR 103.27(d). The social security number will be used as a means to identify the individual who files the record.

An agency may not conduct or sponsor, and a person is not required to respond to, a collection of information unless it displays a currently valid OMB control number. The collection of this information is mandatory pursuant to 31 U.S.C. 5316.

Statement required by 5 CFR 1320.8(b)(3)(iii): The estimated average burden associated with this collection of information is 11 minutes per respondent or record keeper depending on individual circumstances. Comments concerning the accuracy of this burden estimate and suggestions for reducing this burden should be directed to the Department of the Treasury, Financial Crimes Enforcement Network, P.O. Box 39 Vienna, Virginia 22183. **DO NOT send completed forms to this office—See When and Where To File above.**

FinCEN FORM 105
(Formerly Customs Form 4790)



EXHIBIT B